1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTOINE DESHAWN BARNES, | No. 2:22-cv-0003 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON CASE RECORDS OFFICE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and he will be given an opportunity to amend the complaint.

    I.    <u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   THE COMPLAINT

At all times relevant to this action, plaintiff was a state inmate housed Mule Creek State Prison ("MCSP") in Ione, California. He proceeds against the following defendants for damages and injunctive relief: the MCSP Case Records Office, Governor Gavin Newsom, and Vice President Kamala Harris.

As best as the court can discern, plaintiff claims he is entitled to resentencing under California Senate Bill 81, which specifies circumstances a trial court should consider when deciding in its discretion whether to strike enhancements from a defendant's sentence in the interest of justice. See People v. Sek, 74 Cal. App. 5th 657, 674 (2022). Plaintiff contends he should have been released to the Monterey County Jail for dismissal of his underlying conviction pursuant to Senate Bill 81, but the MCSP Case Records Office "is racial profiling, racial targeting thru abusive authority on a hate crime under color of authority on holding [plaintiff] illegal past

////

[his] release." Compl. at 3.  Plaintiff seeks damages and an order directing MCSP to release him to Monterey County Jail.

## IV. FAILURE TO STATE A CLAIM

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  Muhammad v. Close, 540 U.S. 749, 750-751 (2004).  Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

Here, plaintiff is directly challenging the validity of the duration of his confinement.  He alleges that he is entitled to early release from prison pursuant to Senate Bill 81, but that the MCSP Case Records Office is preventing his release.  Because there is no indication that plaintiff received a favorable termination on his claim, it is barred by the favorable termination rule.  If plaintiff wishes to bring the claim, "[h]e must seek federal habeas corpus relief (or appropriate state relief) ...." Dotson, 544 U.S. at 78.  If plaintiff's habeas challenge is successful, he may then bring his claims pursuant to section 1983.

Insofar as plaintiff alleges that individuals at the MCSP Case Records Office violated his rights on account of his race, his allegations are too vague and conclusory to proceed.

////

## V. LEAVE TO AMEND

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims. However, the court cannot rule out the possibility that plaintiff may be able to allege additional facts regarding racial discrimination. Accordingly, he will be given the opportunity to amend the complaint if he desires.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You cannot bring a civil rights

claim about an incorrect or unjust sentence unless you have already won an appeal or habeas relief on that issue.  If you want to sue over racial discrimination, you need to provide more facts so that the court can determine whether you can proceed on that claim.  If you choose to amend your complaint, the first amended complaint must include all the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 4, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 15, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE