UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON CASE RECORDS OFFICE, et al.,<br><br>Defendants. | No. 2:22-cv-0003 TLN AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed December 15, 2022, the undersigned screened the complaint and found that it did not state a claim for relief. ECF No. 9. Plaintiff was given an opportunity to file an amended complaint and has now filed a first amended complaint. ECF No. 12.

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1 | Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
2 | theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
3 | 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
4 | stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
5 | constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
6 | Franklin, 745 F.2d at 1227-28 (citations omitted).

7 |     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
8 | claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9 | what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
10 | U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11 | "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
12 | of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
13 | 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
14 | to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
15 | cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
16 | speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain
17 | something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
18 | cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
19 | R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20 |     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21 | relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
22 | Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
23 | content that allows the court to draw the reasonable inference that the defendant is liable for the
24 | misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
25 | standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
26 | Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
27 | pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
28 | Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. <u>First Amended Complaint</u>

The first amended complaint alleges that plaintiff's constitutional rights were violated by the following defendants: Cobello, warden at Mule Creek State Prison; Lynch, warden at California State Prison (CSP)-Sacramento; CSP-Sacramento Case Records Office; and President Biden.  ECF No. 12.  As in the original complaint, plaintiff alleges that he is the victim of racial profiling and is being discriminated against because defendants and Governor Newsom have refused to release plaintiff and vacate all enhancements and prison priors.  <u>Id.</u> at 3-5.  Plaintiff seeks damages, an order vacating his illegal enhancements and prison priors, release on an ankle monitor, and release to the Monterey County Jail.  <u>Id.</u> at 6.

III. <u>Failure to State a Claim</u>

State prisoners may not attack the validity of the fact of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973); <u>Nettles v. Grounds</u>, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence").  Accordingly, to the extent plaintiff seeks to challenge his conviction and sentence, he fails to state a claim.

With respect to plaintiff's claim for damages, a claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  In order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus."  <u>Id.</u> at 486-87.

The first amended complaint contains no indication that plaintiff's underlying conviction has been reversed, expunged, invalidated, or impugned by a writ of habeas corpus.  In fact, plaintiff specifically seeks such relief in this action, indicating that his conviction is still valid.  As plaintiff was advised when the court screened the original complaint, his challenge to his continued imprisonment is barred by <u>Heck</u> and he may not bring his claims pursuant to § 1983

3

until he has successfully challenged his conviction in a habeas action.  See ECF No. 9 at 4.

To the extent plaintiff alleges that he has been subject to racial discrimination, his allegations are once again too vague and conclusory.  Furthermore, because plaintiff appears to allege that the failure to strike his enhancements and prison priors is the result of racial discrimination, the claims are barred because success on the merits would necessarily spell speedier release.

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide.  Given the nature of the claims and plaintiff's failure to provide any additional facts, it does not appear that further amendment would result in a cognizable claim.  As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because you are trying to challenge the legality of your confinement, which you can only do by filing a habeas petition.  Because you have not had your conviction or sentence overturned, you also cannot bring a claim for damages based on your sentence or conviction being unconstitutional.  Your claim for racial discrimination cannot proceed because the amended complaint does not allege facts showing a constitutional violation and it appears that success on the claim would invalidate your continued imprisonment.

////

////

4

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE